GEISS et v. ARMBRUSTER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8182. Decided Mar. 12, 1928.

(Middleton, PJ., Mauck and Thomas, JJ.. of the 4th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

1271. WILLS & LEGACIES—1265. Weight of Evidence—480. Evidence—1235. Verdicts.
Verdict for plaintiff in action to contest will on grounds of undue influence and incapacity, held contrary to weight of evidence. Injec-

tion into trial of issue which has nothing to do with case, held ground for reversal.

Error to Common Pleas.

Judgment reversed.

Frank T. Cullitan, Cleveland, for Geiss et.

Hart, Curry, Sklenicka & Murray, Cleveland, for Armbruster.

FULL TEXT.

THOMAS, J.

Error proceedings are before this court from the Court of Common Pleas. The defendant in error instituted an action against the plaintiffs in error to contest the validity of the will of their mother, Agatha Geiss, on the grounds of undue influence and incapacity. At the conclusion of the evidence on behalf of the plaintiff below a motion was made by the defendants for a directed verdict and the same was overruled. The cause then proceeded and was submitted to the jury, resulting in a verdict for the plaintiff. A motion for a new trial was filed and overruled by the court.

The usual assignments are set forth in the petition in error but we find but two that challenge the attention of this court. First, did the trial court err in overruling the motion of the defendants for a directed verdict, and should the motion for a new trial have been sustained? On the first proposition, did the evidence of the contestants outweigh the presumption afforded by the will and order of probate? Ordinarily this is a question for the jury. It was shown by the evidence that previously a guardian had been appointed of the estate of the testatrix. This evidence together with testimony offered by the plaintiff made an issue for the determination of the jury, and we are unable to find error in the ruling of the court on the motion.

A more serious question arises on the disposition of the motion for a new trial. Is the verdict of the jury against the manifest weight of the evidence? With the exception of the plaintiff and her husband but one witness testified for the plaintiff, and none of the witnesses had seen the testatrix for more than three years prior to the execution of the will. In behalf of the proponents of the will seven witnesses testified and all of them had been intimately acquainted with the testatrix for a long time and up to the time of her death. They all testified that the decedent conversed intelligently and most of them that she was unusually bright for a woman of her years.

There is no evidence of undue influence except an inference from the terms of the will itself. Such inference in the light of the circumstances surrounding the testatrix at the time of the execution of the will amounts to nothing more than suspicion. For reasons best known to the plaintiff she had not visited her mother since the appointment of the guardian of her estate. The behavior of the daughter at the hearing in the Probate Court demonstrated that she cared more for the money belonging to the mother than for the mother herself. The old lady, although nearing eighty years of age, no doubt keenly felt the effect of such reprehensible conduct. Simply because the daughter was not appointed guardian she turned the vials of her wrath upon the aged mother and never afterwards apologized or performed one single act of kindness toward the one whose bounty she now seeks. She even deprived the mother of the solace of a visit in the last hours of her life. Under all the circumstances the terms of the will were the natural harvest from the seed sown by the daughter herself. To have rewarded her would have been expecting too much of the testatrix. She was human.

The evidence in support of testamentary capacity is overwhelming and from the record the court is compelled to say that the plaintiff, on whom the burden of proof rested, totally failed to show either undue influence or incapacity.

An issue was injected into the trial which perhaps had much to do with the verdict of the jury, and which had nothing to do with the case, and which should not have been permitted. It was sought to show that the defendant, Michael Geiss as guardian, had been somewhat irregular in the administration of the estate, and the jury was trying him instead of determining the issues in the case. That fact did not tend to show incapacity of the testatrix or undue influence. What the said defendant did was under the direction of the testatrix. The guardian had given bond and none of the beneficiaries could have been thereby prejudiced in their property rights.

The judgment of the Court of Common Pleas is reversed for the above reasons and the case remanded for a new trial.

Middleton, PJ., and Mauck, J., concur.